IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WATERMARK SOLID SURFACE, INC.,

                          Plaintiff,                    OPINION and ORDER

v.

                                                             08-cv-418-slc

STA-CARE, INC.,

                          Defendant.

---

       Before the court in this business lawsuit is defendant Sta-Care, Inc.'s motion for summary judgment.  *See* dkt. 24.  For the reasons stated below, I am granting the motion in all respects and closing this case.

       Plaintiff Watermark Solid Surface, Inc. entered into an agreement with defendant whereby defendant would use certain molds to manufacture solid surface products and sell them to plaintiff for resale.  After defendant declined to produce certain "wet room floor pans" that plaintiff requested, the parties' relationship began to deteriorate.  Plaintiff asked for its molds back and demanded that defendant remove an "installation guide" of plaintiff's from its website.  Defendant removed the guide, but retained the molds.  That was when plaintiff filed this lawsuit in the United States District Court for the Middle District of Tennessee.

       Rather than stick to plain vanilla breach of contract claims, plaintiff took a spaghetti-to-the-wall approach, alleging that defendant's behavior violated twelve different state and federal laws: breach of bailment, conversion, breach of contract, breach of warranty, interference with a contract, violation of the Tennessee Consumer Protection Act, a right to an accounting, copyright infringement, violation of the Lanham Act, unfair competition, violation of Tennessee's Uniform Trade Secrets Act and unjust enrichment.  Jurisdiction is present under 28

U.S.C. §§ 1331, 1367. In preliminary proceedings, the court ordered defendant to return plaintiff's molds; defendant complied.

Defendant filed a successful motion to transfer the lawsuit to this district and after taking some discovery filed the instant motion for summary judgment, alleging that plaintiff does not have evidence to support its claims. Plaintiff attempted to respond to defendant's motion for summary judgment, but requested more time to perform additional discovery. I granted plaintiff's request to perform additional discovery and gave plaintiff time to supplement its opposition materials after performing the discovery. *See* dkt. 36. Plaintiff did not submit any new materials. Now that defendant's motion for summary judgment is ripe for review, I will grant it in full. Plaintiff has failed to adduce sufficient facts to allow a jury to rule in its favor on any of its claims.

A major problem with plaintiff's opposition is the position plaintiff has taken regarding its burden as respondent to defendant's motion. First, plaintiff relies heavily on its own allegations and statements to support its claim, using most of its opposition brief to lay out block quotes of its allegations and its own responses to interrogatories. This won't suffice. Rule 56 explains that "[w]hen a motion for summary judgment is properly made and supported, an opposing party *may not rely merely on allegations or denials* in its own pleadings; rather, its response must—by affidavits or as otherwise provided in this rule—*set out specific facts* showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2) (emphasis added). Plaintiff cannot rely on its allegations and its own statements in responses to interrogatories to show its case.

Next, plaintiff resorts to arguments that defendants have "failed to show" that plaintiff cannot establish the elements of its claims. Plaintiff cites *Celotex v. Catrett*, 477 U.S. 317, 323-

24 (1986) in support of its position that it is not required to come forth with evidence until defendant shows that plaintiff lacks the evidence; *Celotex* actually undermines plaintiff's position. A defendant is not required to "prove" that the plaintiff has no facts before plaintiff is required to lay its facts before the court. As the Court noted, "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex*, 477 U.S. at 323-24. This purpose would be defeated if a defendant was first required to prove a lack of evidence. Once a defendant asserts that the plaintiff cannot prove one or more elements of its claims, the plaintiff must respond by setting forth "specific concrete facts" that establish those elements challenged. *Lucas v. Chicago Transit Authority*, 367 F.3d 714, 726 (7th Cir. 2004) (citation omitted).

Turning to the merits, a cluster of plaintiff's claims fail because plaintiff does not adduce evidence that it suffered damages, an element of those claims. As defendant points out and plaintiff does not deny, damages are an element of plaintiff's claims for conversion, breach of contract, interference with contract, breach of fiduciary duty and Tennessee's Consumer Protection Act, Tenn. Code Ann. § 47-18-109(a). To establish damages, plaintiff merely cites its own vague interrogatory responses and makes the conclusory statement that it "lost money on a contract with Augusta Regional Hospital as a direct and proximate result of Sta-Care actions." Plaintiff's own interrogatory responses and conclusory statements do not amount to "specific concrete facts" that would allow a jury to conclude that plaintiff suffered damages under any of these claims.

Plaintiff's remaining claims fail for other reasons. First, plaintiff does not identify its grounds for its claims for breach of warranty and breach of a covenant of good faith and fair

3

dealing. (I note that although damages may also be an element for these claims under the applicable law, defendant does not argue as much.) Although the facts do establish that defendant refused to manufacture the "wet room floor pans" for plaintiff and then refused to return the molds when plaintiff asked for them, plaintiff does not identify any warranty clause that defendant violated and does not explain how defendant's actions could be considered a breach of a covenant of good faith and fair dealing. Unsupported, these claims fall.

Next is plaintiff's claim for accounting. This claim requires "some special and substantial ground of equity jurisdiction" and a showing that "the remedy at law is inadequate." *Ellis v. Southwestern Land Co.*, 102 Wis. 409, 412, 78 N.W. 583, 584 (1899). The traditional grounds of equity jurisdiction include "the need of a discovery, the complicated character of the accounts, and the existence of a fiduciary relationship." *Walter Diehnelt, Inc. v. Root*, 183 Wis. 535, 538, 198 N.W. 388, 389 (Wis. 1924). Plaintiff's conclusory assertion that "[t]his precisely describes the circumstances between Watermark and Sta-Care" does not make it so. Moreover, as another court recently noted, in light of today's broad federal discovery rules, the need to pursue an equity-based claim for accounting "have been greatly minimized." *Didion Milling, Inc. v. Agro Distribution, LLC*, 2007 WL 702808, *11 (E.D. Wis. March 2, 2007). Plaintiff failed to take advantage of discovery; it cannot ask the court to do in equity what plaintiff could have done for itself.

Plaintiff's copyright infringement falls next. Although plaintiff has suggested all sorts of copyright violations, defendant points out that the only registered copyright plaintiff identifies is for its installation guide, which means any infringement suit must be limited to use of that guide. *See* 17 U.S.C. §§ 411, 412 (preregistration is prerequisite to bringing copyright

4

infringement suit). Although there is evidence that defendant used plaintiff's guide on its website, it is undisputed that defendant placed the guide on its website *with plaintiff's approval*. Defendant even offered to protect the guide with a password, but plaintiff declined. Moreover, defendant removed the guide once plaintiff asserted that the posting constituted copyright infringement. "Authorized use" of a copyrighted work is not infringement, *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984), and there is no evidence that defendant used the guide in a way that was not authorized by plaintiff.

Next, in a paragraph, plaintiff responds to defendant's contentions that plaintiff cannot establish the elements for its Lanham Act, unfair competition, Tennessee Uniform Trade Secrets Act and unjust enrichment claims, arguing only that defendant "fails either to prove an affirmative defense or negate an element of [plaintiff's] claims under these theories." Plt. Opp. Br., dkt. 31, at 17. This is not enough. As explained above, defendant is not required to "negate an element" of plaintiff's claims or assert an affirmative defense, it need only put in issue that plaintiff cannot prove liability. Plaintiff's failure to respond to defendant's arguments on their merits amounts to waiver. *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007).

This leaves plaintiff's claim that defendant committed a breach of bailment by refusing to return certain molds of plaintiff's. Defendant contends that plaintiff cannot obtain the relief it requests for the alleged breach. Defendant is correct. Plaintiff has failed to establish that it suffered damages related to the alleged breach of bailment and it is undisputed that defendant no longer possesses any of the molds plaintiff identified in the complaint. Therefore, plaintiff cannot obtain either injunctive or monetary relief.

In short, when it came time to present facts to support its myriad claims, plaintiff could not deliver. Because plaintiff has failed to adduce evidence that it could prevail on any of its claims or receive the relief it requests for defendant's alleged violations, defendant's motion for summary judgment will be granted.

ORDER

IT IS ORDERED that defendant Sta-Care Inc.'s motion for summary judgment is GRANTED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 17th day of March, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge